IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JENNIFER HOUSER, as special administrator of the estate of Morgan Angerbauer,<br>    *Plaintiff*<br><br>v.<br><br>LASALLE MANAGEMENT COMPANY, LLC d/b/a LASALLE CORRECTIONS; LASALLE CORRECTIONS, LLC; LASALLE SOUTHWEST; RODNEY COOPER, in his official capacity; WILLIAM MCCONNELL, in his official capacity; PAT TEMPLE, in his official capacity; WMC ENTERPRISES, LLC; KPL, LLC; CHRIS BELL, in his official capacity; ROBERT PAGE, in his official capacity; BRITTANY JOHNSON, in her individual and official capacities; REGINA LYNCH, in her individual and official capacities; JANE DOES #1-10; and JOHN DOES #1-10,<br>    *Defendants* | §§§§§§§§§§§§§§§§§§§§§§§§§§ | No. 5:16 CV 129 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, LaSalle Management Company, LLC d/b/a LaSalle Corrections, LaSalle Corrections, LLC, LaSalle Southwest, Robert Page, Regina Lynch, Rodney Cooper, and Chris Bell, file this answer to Plaintiff's Second Amended Complaint, specifically subject to Defendants' Second Amended Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

**A. Admissions & Denials**

1. Defendants deny the allegations of paragraph 1 of the Complaint.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants are without sufficient information to admit or deny the allegations

of paragraph 3 of the Complaint.

4. Defendants deny the allegations of paragraph 4 of the Complaint.

5. Defendants admit that LaSalle Corrections, LLC d/b/a LaSalle Southwest is, by contract, responsible for some of the day-to-day operations of the Bi-State Jail. Defendants deny all other allegations in paragraph 5.

6. Defendants state that LaSalle Southwest is a name used as a "d/b/a" of an entity that is affiliated with, but not a subsidiary of, LaSalle Corrections, LLC and is, by contract, responsible for some of the day-to-day operations of the Bi-State Jail. Defendants deny all other allegations in paragraph 6.

7. Defendants admit that Rodney Cooper is LaSalle Corrections, LLC d/b/a LaSalle Southwest's Executive Director at the time of the incident. Defendants deny all other allegations of paragraph 7 of the Complaint.

8. Defendants admit that Chris Bell is Regional Warden for LaSalle Corrections, LLC d/b/a LaSalle Southwest over operations at the Texas facilities. Defendants deny all other allegations of paragraph 8 of the Complaint.

9. Defendants admit that Robert Page is an employee of LaSalle Corrections, LLC d/b/a LaSalle Southwest and is the Warden of the Bi-State Jail. Defendants deny all other allegations of paragraph 9 of the Complaint.

10. Defendants admit that Brittany Johnson was employed by LaSalle Corrections, LLC d/b/a LaSalle Southwest at the Bi-State Jail, where she worked as a licensed vocational nurse. Defendants deny all other allegations in paragraph 12 of the Complaint.

11. Defendants admit that Regina Lynch was employed by LaSalle Corrections, LLC d/b/a LaSalle Southwest at the Bi-State Jail, where she worked as a registered nurse. Defendants deny all other allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants admit jurisdiction but deny all claims in paragraph 14 of the Complaint.

15. Defendants admit venue in paragraph 15 of the Complaint.

16. Defendants admit the allegations of paragraph 16 of the Complaint.

17. Defendants admit that LaSalle Corrections, LLC d/b/a LaSalle Southwest is, by contract, responsible for some of the day-to-day management of the Bi-State Jail. Defendants deny all other allegations of paragraph 17 of the Complaint.

18. Defendants admit the allegations of paragraph 18 of the Complaint with regard to LaSalle Corrections, LLC d/b/a LaSalle Southwest.

19. Defendants deny the allegations of paragraph 19 of the Complaint, with regard to LaSalle Corrections, LLC d/b/a LaSalle Southwest.

20. Defendants deny the allegations of paragraph 20 of the Complaint, with regard to LaSalle Corrections, LLC d/b/a LaSalle Southwest.

21. Defendants deny the allegations of paragraph 21 of the Complaint, with regard to LaSalle Corrections, LLC d/b/a LaSalle Southwest.

22. Defendants admit the allegations of paragraph 22 of the Complaint.

23. Defendants admit the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants admit the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants admit the allegations of paragraph 27of the Complaint.

28 Defendants admit the allegations of paragraph 28of the Complaint.

29. Defendants admit the allegations of paragraph 29 of the Complaint.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants admit the allegations of paragraph 32 of the Complaint.

33. Defendants admit the allegations of paragraph 33 of the Complaint.

34. Defendants admit that Ms. Angerbauer refused the test, but deny the assertion that the nurse on duty could "require" a test in paragraph 34 of the Complaint.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint, in fact Ms. Angerbauer refused requests to allow her blood sugar to be tested.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants deny that the reading was "E-3" or that it was an Accucheck device in paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants admit the cause of death. Defendants deny all other allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants admit that Defendant Johnson was unjustly arrested. Defendants deny all other allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants admit that LaSalle Corrections, LLC d/b/a LaSalle Southwest is

responsible for inmates at the Bi-State jail; Defendants deny all other allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of the first sentence. Defendants admit the allegations of the second sentence of paragraph 51 of the Complaint.

52. Defendants are without sufficient information to admit or deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants are without sufficient information to admit or deny the allegations of paragraph 54 of the Complaint.

55. Defendants are without sufficient information to admit or deny the allegations of paragraph 55 of the Complaint.

56. Defendants deny the allegations of paragraph 56 of the Complaint.

57. Defendants deny Eighth Amendment violations as alleged in paragraph 57.

58. Defendants deny any deliberate indifference as alleged in paragraph 58.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

61. Defendants deny the allegations of paragraph 61 of the Complaint.

62. Defendants deny the allegations of paragraph 62 of the Complaint.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

72. Defendants deny the allegations of paragraph 72 of the Complaint.

73. Defendants deny the allegations of paragraph 73 of the Complaint.

74. Defendants deny the allegations of paragraph 74 of the Complaint.

75. Defendants deny the allegations of paragraph 75 of the Complaint.

76. Defendants are without sufficient information to admit or deny the allegations of paragraph 76 of the Complaint.

77. Defendants deny the allegations of paragraph 77 of the Complaint.

78. Defendants deny the allegations of paragraph 78 of the Complaint.

79. Defendants deny the allegations of paragraph 79 of the Complaint.

80. Defendants deny the allegations of paragraph 80 of the Complaint.

81. Defendants deny the allegations of paragraph 81 of the Complaint.

82. Defendants deny the allegations of paragraph 82 of the Complaint.

83. The Prayer does not contain any factual allegation to admit or deny.

### B. Affirmative Defenses

84. *Qualified Immunity*. Defendants assert the affirmative defense of qualified ("good faith") immunity with regard to any claim against them in their individual capacity because it did not violate any clearly established statutory or constitutional rights of which a

reasonable person would have known when performing discretionary functions.

85. *Absolute Immunity*. Defendants assert the affirmative defense of absolute immunity which protects public officials in their individual capacity.

86. *Sovereign/Governmental Immunity*. Defendants assert the affirmative defense of sovereign and governmental immunity which protects the States, their agencies, political subdivisions and officials from suit and liability.

87. *Official Immunity*. Defendants assert the affirmative defense of official immunity which protects governmental employees from personal liability.

88. *No Vicarious/Respondeat Superior Liability*. Defendants cannot be held generally liable under a theory of repondeat superior or for the torts of employees, subordinates or co-workers.

89. *Municipal Immunity*. Defendants assert the affirmative defense of municipal immunity because the plaintiff cannot establish a deprivation of rights protected by the Constitution or Federal law that was inflicted pursuant to an official, municipal, county, or governmental policy. Defendants assert that the Plaintiff cannot establish that any official's deliberate conduct was the "moving force" behind the injuries alleged. Therefore, the Plaintiff cannot establish a causal link between any actions and any deprivation of federal rights.

90. *Failure to Exhaust Remedies*. Defendants assert the affirmative defense of failure to exhaust administrative and judicial remedies. More specifically, Angerbauer failed to exhaust the two-step grievance procedure with regard to all issues raised in the Complaint.

91. *Assumption of the Risk*. Defendants asserts the affirmative defense of Angerbauer's assumption of the risk.

92. *Contributory or Comparative Negligence*. Defendants assert the affirmative defense

of Angerbauer's contributory or comparative negligence.

93. *Failure to Mitigate Damages.* Defendants assert the affirmative defense of Angerbauer's failure to mitigate damages.

94. Upon subsequent investigation into the facts of this case, Defendants reserve the right to petition the Court for leave to amend their answer or affirmative defenses.

### C. Prayer

WHEREFORE PREMISES CONSIDERED, Defendants pray that upon final hearing this Court dismiss Plaintiff's claims against Defendants with prejudice; and all costs of court, attorneys' fees, and all other relief to which they may be justly entitled will be awarded to Defendants and for such other and further relief to which they may be entitled.

Respectfully Submitted,

*Miller, James, Miller & Hornsby, L.L.P.*

By: /s/ Paul Miller
   Paul Miller
   Texas bar number 14056050

Troy Hornsby
Texas bar number 00790919
1725 Galleria Oaks Drive
Texarkana, Texas 75503
paulmiller@cableone.net
troy.hornsby@gmail.com
903.794.2711; f. 903.792.1276

Attorneys for Defendants
LaSalle Management Company, LLC d/b/a
LaSalle Corrections, LaSalle Corrections, LLC,
LaSalle Southwest, Robert Page, Regina Lynch,
Rodney Cooper, and Chris Bell

**CERTIFICATE OF SERVICE**

This is to certify that on September 26, 2017, a true and correct copy of the above and foregoing *Defendants' Second Amended Answer to Plaintiff's Complaint* has been forwarded by the United States Postal Service on all counsel and *pro se* parties of record listed below.

**Plaintiff's Attorney**
Matthew D. Campbell
*Pinnacle Law Firm, PLLC*
P.O. Box 7469
Little Rock, Arkansas 72217

                                        /s/ Paul Miller
                                        Paul Miller