IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| VICTORIA LEIGH, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MORGAN ANGERBAUER<br>    PLAINTIFF<br>vs.<br><br>LaSALLE MANAGEMENT COMPANY, LLC ET AL<br>    DEFENDANTS | § § § § § § § § § § | Civil Action No. 5:16CV129 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
DISMISS WITH PREJUDICE AND MEMORANDUM BRIEF**

COMES NOW Plaintiff Victoria Leigh, as Special Administrator of the Estate of Morgan Angerbauer, and files this Response to Defendants' Motion to Dismiss With Prejudice and Memorandum Brief, and in support thereof would show unto the Court as follows:

PROCEDURAL BACKGROUND

I.

Defendants' recitation of the procedural background omits critical facts. Defendants fail to mention that they were made aware of Jennifer Houser's objections to the settlement as well as Judge Carlton Jones's intent to conduct a second hearing concerning the settlement **before** the Compromise Settlement and Indemnity Agreement and Release was executed. Their decision to execute a settlement agreement before Judge Jones conducted the "final" hearing on settlement issues assumed the risk that the Court would ultimately refuse to approve the settlement.

II.

The first hearing on the request to approve settlement was conducted in the Circuit Court of Miller County, Arkansas on December 18, 2017. Counsel for Defendants in the above-styled and numbered cause were in attendance at that hearing, as were Houser and the undersigned counsel. At the beginning of that hearing, Houser's objections to the settlement were made known on the record, as was her intention to ultimately ask that Court to withhold approval of the settlement.[1] Specifically, Houser's counsel informed the court and all counsel in this case as follows:

> Mr.Carter:
> The reason I am here is because a dispute has developed between Ms. Houser and Mr. Campbell. And Ms. Houser informs me that she was removed as special administrator, I believe back in May of this year, without her knowledge and without her consent... She is going to object to the settlement... And so understanding I have just parachuted in, we intend to fully object to this, the notion of a settlement. ...So that's where we are and I would like some time to get Ms. Houser's objections to the motion to approve settlement [filed]...

(See attached Exhibit A, p. 7, 8, 14) During that same hearing, Mr. Campbell, who was representing the estate in this case, confirmed that no settlement agreement had been executed because "we had to have court approval before we could do it." (Ex. A, p. 34) Likewise, Mr. Miller confirmed that a "tentative settlement" had been discussed on November 16, 2017. *Id.* The probate court announced it would set a second hearing concerning final distribution, attorneys' fees and "final everything" for March 12, 2018. *Id*. at 38.

III.

Despite clear notice that Houser would lodge objections to the settlement and that another

---

1   Houser retained W. David Carter one business day before the hearing on December 18, 2017. Accordingly, no pleading or written objections were filed prior to the hearing.

hearing would be held in March, Defendants prepared and Plaintiff executed the Settlement Agreement on January 23, 2018. Defendants paid the Special Administrator's fees and deposited the remaining settlement proceeds into the registry of the court. No notice of this action was provided to Houser.

IV.

Plaintiff, Defendants and this Court all contemplated that the Circuit Court of Miller County, Arkansas would ultimately determine whether the proposed settlement should be approved pursuant to Ark. Code Ann. § 16-62-102. The Joint Motion to Stay All Deadlines and Notice of Settlement (ECF No. 61) specifically referenced such approval. Moreover, on January 29, 2018, and just 18 days after the Order Approving Settlement was entered, Houser's counsel informed this Court of what Defendants had known since December 18, 2017: that a Motion to Vacate Order Approving Settlement was being filed on grounds that "the removal and replacement of Ms. Houser as Special Administrator, as well as the settlement, were all undertaken without her knowledge or consent." (See attached Exhibit B.) Houser further asked that this Court "defer entering an order on the Joint Motion to Dismiss With Prejudice (ECF No. 63) and keep this matter stayed until Judge Jones has conducted a hearing and ruled on [Houser's] requests in the probate case." *Id*. Houser then filed her Motion to Vacate Order Approving Settlement and Petition to Remove Special Administrator and Reinstate Jennifer Houser as Special Administrator on February 1, 2018.

V.

Thereafter, on February 23, 2018, this Court informed the parties that it would "Out of deference to the process in the Circuit Court of Miller County, Arkansas" wait until after that court ruled to decide the Agreed Motion to Dismiss With Prejudice. (See attached Exhibit C.)

VI.

On March 12, 2018, Judge Jones conducted the second scheduled hearing and considered Houser's Motion to Vacate Order Approving Settlement. Judge Jones announced from the bench on that date his finding that the proposed settlement was not in the best interest of the Estate of Morgan Angerbauer and that he would be vacating the Order Approving Settlement. (Ex. A, p. 69-76) A formal Order to this effect was entered by Judge Jones on March 22, 2018. (See attached Exhibit D.)[2] Defendants filed a second Motion to Dismiss With Prejudice in this case on March 28, 2018 (ECF No. 65) citing execution of the Settlement Agreement as grounds to dismiss this case with prejudice. No meet and confer with regard to the motion was conducted.

ARGUMENT

VII.

The thrust of Defendants' argument is that Judge Jones's vacation of the Order Approving Settlement is somehow ineffective. Defendants are wrong. The only case cited by Defendants is *Estate of L.C. Taylor v. MCSA, LLC*, 430 S.W.3d 120 (Ark. 2013). However, *Taylor* did not involve court approval of a settlement at all. Rather, the *Taylor* court rejected the argument that the filing of suit by an administrator who was subsequently removed (due to a prior felony conviction) was void ab initio and, therefore, the wrongful death action was barred by the statute of limitations.

VIII.

This case presents an entirely different issue. The Special Administrator herein was not

---

2     At the March hearing, and in light of Judge Jones's announcement that he was vacating the Order Approving Settlement, the parties in the probate case agreed that David Carter would assume representation of the Estate of Morgan Angerbauer in the above-styled and numbered cause.

removed. More importantly, it is the probate court and not the administrator that is charged with the responsibility for approving a wrongful death settlement. Ark. Code Ann. § 16-62-102(g),(h). Ultimately that court concluded that the proposed settlement was not in the best interest of the estate and refused to approve it. Thus, in our case validity of the Settlement Agreement is a matter for the probate court (and not the administrator) to determine.

IX.

In *Taylor* all parties and the court operated for several years not understanding that the administrator was, as a convicted felon, not qualified to serve. In our case, all parties involved were fully aware that the settlement was being challenged, and that the probate court might ultimately reject it. In fact, the Settlement Agreement was signed between the dates of the two hearings in Judge Jones's court. Thus, *Taylor* is not controlling.

X.

The specific statutory provision on which Defendants rely, § 28-1-115(b) does not apply to the facts presented herein. By its own terms § 115(b) states that modification or vacation of an order will not "affect any act previously done or right previously acquired <u>in reliance on such order</u>" (emphasis added). Defendants did not execute the Settlement Agreement in reliance on Judge Jones's pronouncements; they did so <u>in spite of</u> guidance from the court that issues concerning the settlement would be decided after a second hearing.

XI.

Defendants, by asserting that the Settlement Agreement executed in January negates Judge Jones's ultimate ruling in March, are attempting to undermine the authority of the probate court. This

Court should not aid Defendants in their cause by dismissing this case with prejudice. Ironically, Defendants seek to do the same thing the Arkansas Supreme Court rejected in *Taylor*: deprive an estate and beneficiaries of a valid cause of action.

XII.

Defendants should have waited until Judge Jones conducted the "final" hearing on the outstanding issues, including Houser's objections. Apparently happy with the tentative deal they struck, Defendants assumed the risk of executing the Settlement agreement and depositing funds into the registry of the Court **before** Judge Jones ruled on Houser's objections. Defendants confuse the acts of the administrator in signing the Settlement Agreement with the probate court's statutory authority to make a final determination as to whether the settlement would in fact be approved. It is the latter which controls. Plaintiff respectfully submits that this Court should continue its deference to the probate court concerning whether the purported settlement in the best interest of the Estate of Morgan Angerbauer and deny the Motion to Dismiss.

XIII.

It is beyond dispute that the probate court has original jurisdiction over "matters relevant to... the estates of deceased persons... as is now vested in the courts of probate, or may be hereafter prescribed by law." Article VII, Section 34, Constitution of Arkansas.

XIV.

Any doubt that approval of a wrongful death settlement is a matter for the court and not an administrator, is erased by the language of the Arkansas Wrongful Death Statute, which provides: "Nothing in this section shall limit or affect the right of probate courts having jurisdiction to approve

or authorize settlement of claims or causes of action for wrongful death..." Ark. Code Ann. § 28-103-(h). Again, Defendants were placed on clear notice that the settlement was being challenged, and the reasons therefor, before they took it upon themselves to execute the settlement agreement prior to the March hearing. Defendants now want to use execution of the Settlement Agreement as a sword to undermine the authority of the probate court by seeking a dismissal with prejudice.

## XV.

Defendants will not be substantially prejudiced by Judge Jones's ultimate refusal to approve the settlement. Almost all of the settlement funds are on deposit with the registry of the Miller County Circuit Court. To the extent nullification of the settlement prejudices Defendants at all, it is of their own making.

## XVI.

This Court should continue its deference to the probate court regarding approval of the settlement. Courts in the Fifth and Eighth Circuits routinely do so, especially concerning probate matters. *Cleland v. U.S.*, 874 F.2d 517 (8th Cir. 1989); *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093 (5th Cir. 1995). As noted above, the state of Arkansas empowers probate courts with broad authority to approve settlements in wrongful death cases. The Order of the Miller County Probate Court finding that the settlement is not in the best interest of the estate should also be recognized by this Court as a matter of comity.[3]

## XVII.

In the unlikely event the Court determines that it should enter an Order of Dismissal in this

---

3   Plaintiff is contemporaneously filing herewith a Motion for Entry of Amended Docket Control Order.

case, any dismissal should be without prejudice. The conduct at issue occurred in late June and early July, 2016. Under the circumstances presented herein, only a dismissal without prejudice would be appropriate.

WHEREFORE, PREMISES CONSIDERED Plaintiff respectfully requests that Court enter an Order denying Defendants' Motion to Dismiss With Prejudice, and for any and all other relief to which Plaintiff may be entitled.

April 5, 2018

Respectfully submitted,

*/s/ W. David Carter*
W. David Carter, TSB No. 03932780
MERCY ✶ CARTER, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503
(903) 794-9419 - Telephone
(903) 794-1268 - Facsimile
wdcarter@texarkanalawyers.com

Attorneys for Plaintiff Victoria Leigh, as Special Administrator of the Estate of Morgan Angerbauer

CERTIFICATE OF SERVICE

I, W. David Carter, certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ *W. David Carter*