IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| VICTORIA LEIGH, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MORGAN ANGERBAUER<br>    PLAINTIFF<br>vs.<br><br>LaSALLE MANAGEMENT COMPANY, LLC ET AL<br>    DEFENDANTS | §§§§§§§§§§ | Civil Action No. 5:16CV129 |

**PLAINTIFF'S MOTION FOR ENTRY OF AMENDED DOCKET CONTROL ORDER**

COMES NOW Plaintiff Victoria Leigh, as Special Administrator of the Estate of Morgan Angerbauer, and files this Motion for Entry of Amended Docket Control Order, and in support thereof would show unto the Court as follows:

I.

On November 21, 2017, the parties filed a Motion to Stay Deadlines and Notice of Settlement. (ECF No. 61) This Court stayed this case pending approval of the proposed settlement by the Circuit Court of Miller County, Arkansas - Probate Division. That court has now held that the settlement should not be approved.

II.

Plaintiff requests that the Court enter an Amended Docket Control Order establishing new deadlines and setting the matter for trial. At the time the parties negotiated the "settlement" in November of 2017, Plaintiff had not designated any expert witnesses, including experts to rebut the reports of Defendants' experts. The undersigned intends to secure expert witnesses to address several issues, including causation. Plaintiff also intends to amend her Complaint to revise her claims,

potentially add new parties, and clarify the capacities in which some Defendants are sued. Accordingly, an Amended Docket Control Order should be entered by the Court. The Court should also set a Scheduling Conference.

III.

It is beyond question that this Court has broad power and discretion to control their dockets. *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845 (E.D. TX 2009); *Edwards v. Cass County, Tex.*, 919 F. 2d 273, 275 (5th Cir. 1990). A party seeking leave to amend a court's scheduling order must show "good cause." Fed. R. Civ. P. 16(b); *S&W Enters, LLC v. Southtrust Bank of Alabama, NA*, 315 F. 3d 533, 535 (5th Cir. 2003).

IV.

This Court considers the following four elements when determining whether to modify a scheduling order:

1. the explanation for the failure to meet the deadlines;

2. the importance of the filing that would be excluded;

3. potential prejudice in allowing the thing that would be excluded; and

4. the availability of a continuance to cure such prejudice.

*S&W Enters* at 535-6.

V.

Good cause exists to enter an Amended Docket Control Order. This case was originally filed on September 9, 2016. (ECF No. 1) On April 21, 2017, the Court entered the current Docket Control Order, scheduling trial for February 26, 2018. (ECF No. 25) This case was actually stayed (and remains stayed) on the original trial date.

## VI.

The parties entered the ill-fated settlement negotiations in mid-November, 2017. The parties filed their Joint Motion to Stay All Deadlines and Notice of Settlement (ECF No. 61) on November 21, 2017, only a few weeks after the Court conducted a hearing on Defendants' Motion to Dismiss. (ECF No. 54) Proceedings concerning the proposed settlement took place in the probate court from December, 2017 through March, 2018. This Court had stayed the case, making trial as scheduled impossible and further trial preparations potentially unnecessary.

## VII.

In light of the stay and proposed settlement, neither party continued to prepare this matter for the scheduled trial date of February 26, 2018. Accordingly, no party was ready for trial as scheduled. This alone constitutes an adequate explanation for the failure of the parties to meet the existing deadlines.

## VIII.

Unless Plaintiff is allowed to amend her pleadings, designate expert witnesses and otherwise adequately prepare this matter for trial, it is almost certain that judgment will be entered against her as a matter of law. Accordingly, the requested Amended Docket Control Order with new deadlines filed contemporaneously herewith is of paramount importance. Defendants will not be unduly prejudiced by entry of an Amended Docket Control Order, as even Defendants were not prepared to try the case as scheduled.

## IX.

Continuance of this cause is not only available, but necessary. The scheduled trial date has come and gone, and since the settlement has not been approved, a new trial date is necessary.

X.

On March 29, 2018, counsel for Plaintiff conferred with counsel for Defendants concerning Plaintiff's request for entry of an Amended Docket Control Order. Defendants do not agree to this motion, and it is therefore submitted to the Court.

XI.

The Court recently entered an Amended Docket Control Order in another in-custody death case involving the LaSalle Defendants in *Sabbie v. Southwestern Correctional, LLC d/b/a LaSalle Corrections, LLC, et al* - No. 5:17CV113 (ECF No. 47 therein). Submitted herewith is a proposed Amended Docket Control Order which mirrors the Docket Control Order in *Sabbie*, with the addition of a deadline for the adding parties within thirty (30) days following entry of the Amended Docket Control Order.

WHEREFORE, PREMISES CONSIDERED Plaintiff respectfully requests that Court enter the proposed Amended Docket Control Order, and for any and all other relief to which Plaintiff may be entitled.

|  |  |
|---|---|
| April 5, 2018 | Respectfully submitted,<br><br>*/s/ W. David Carter*<br>W. David Carter, TSB No. 03932780<br>MERCY ✶ CARTER, L.L.P.<br>1724 Galleria Oaks Drive<br>Texarkana, Texas 75503<br>(903) 794-9419 - Telephone<br>(903) 794-1268 - Facsimile<br>wdcarter@texarkanalawyers.com<br><br>Attorneys for Plaintiff Victoria Leigh, as Special Administrator of the Estate of Morgan Angerbauer |

## CERTIFICATE OF CONFERENCE

On March 29, 2018, counsel for Plaintiff conferred with counsel for Defendants with regard to this motion. Defendants do not agree with the relief sought herein, and the motion is therefore opposed. Accordingly, the motion is submitted to the Court.

/s/ *W. David Carter*

## CERTIFICATE OF SERVICE

I, W. David Carter, certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ *W. David Carter*