**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| VICTORIA LEIGH, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MORGAN ANGERBAUER, | § § § § § § § § § § § § § | CIVIL ACTION NO. 5:16-CV-00129-RWS |
| Plaintiff, | | |
| v. | | |
| LASALLE MANAGEMENT COMPANY LLC, et al., | | |
| Defendants. | | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss with Prejudice ("Defendants' Motion," Docket No. 65) and Plaintiff's Motion for Entry of Amended Docket Control Order ("Plaintiff's Motion," Docket No. 68). For the reasons detailed below, Defendants' Motion is **DENIED** and Plaintiff's Motion is **GRANTED**.

In November of 2017, the parties filed a Motion to Stay Deadlines and Notice of Settlement (Docket No. 61). This case was stayed pending the approval of a proposed settlement by the Circuit Court of Miller County, Arkansas – Probate Division ("Probate Court"). On January 11, 2018, Judge Carlton Jones of the Probate Court entered an Order Approving Settlement and set a hearing for March 12, 2018. Docket No. 65-1. On March 28, 2018, the Probate Court entered an Order vacating its approval of the settlement, determining that the settlement was "not in the best interests of the Estate of Morgan Angerbauer." Docket No. 65-3 at 1.

In their motion, Defendants state that a Compromise Settlement and Indemnity Agreement and Release was signed and executed by the Special Administrator on January 23, 2018 and that

the settlement funds were paid. Docket No. 65 at 4. Although the Probate Court vacated its Order Approving Settlement on March 22, 2018, Defendants contend that the settlement is not affected by the vacation. *Id.* Specifically, Defendants point to Section 28-1-115(b) of the Arkansas code, which provides that "[n]o vacation or modification under this section shall affect any act previously done or any right previously acquired in reliance on such an order or judgment." *Id.* Defendants also cite to a *Estate of L.C. Taylor v. MCSA, L.L.C.*, 430 S.W.3d 120 (Ark. 2013) for the proposition that a special personal representative's actions were valid until the date of removal as representative. *Id.* at 4–5.

Plaintiff responds that Ark. Code Ann. § 28-1-115(b) does not apply to the facts present here because Defendants' execution of the Settlement Agreement was not in reliance on Judge Jones's Order. Plaintiff also points out that if Defendant is correct, the probate court's order is a nullity. According to Plaintiff, Defendants should have waited until the final hearing on the settlement and assumed the risk of executing the settlement agreement before Judge Jones's final ruling.

In *Estate of LC Taylor v. MCSA*, the Arkansas Supreme Court considered the vacation of a probate court's order vacating the appointment of a special personal representative of an estate. The court interpreted Ark. Code Ann. § 28-1-115(b) and concluded that the removal of the personal representative did "not invalidate his or her official acts performed prior to removal." *Estate of Taylor v. MCSA*, 430 S.W.3d at 124.

*Estate of LC Taylor* does not apply to the circumstances present in this case. The Probate Court here did not vacate the appointment of the Special Administrator of the Estate. Instead, the Probate Court vacated its *approval* of the settlement. If Defendants are correct that the Probate

Court's Order vacating its approval of the settlement did not actually vacate the settlement, the Probate Court's order would be a nullity, undermining that court's authority.

To the extent Defendants argue that their reliance brings their actions within the purview of Ark. Code Ann. § 28-1-115(b), Defendants were on notice of Plaintiff's objection to the settlement as early as the first hearing to approve the settlement on December 18, 2017. Docket No. 67-1 at 7:16–8:25. Despite such notice and despite the fact that the Probate Court set a final hearing for March 12, 2018, Defendants executed the settlement on January 23, 2018. In executing the settlement early, Defendants assumed the risk that the Probate Court would not finally approve the settlement after its March hearing.

Accordingly, as the Probate Court has not approved the settlement and in light of the above, it is hereby **ORDERED** that Defendants' Motion is **DENIED**. It is further

**ORDERED** that the stay of this matter entered on December 8, 2017 (Docket No. 62) is **VACATED**. The previous schedule set in this matter is **VACATED** (Docket No. 25). All motions not yet ruled upon are **DENIED**.

Additionally, the Court finds good cause to enter an amended schedule in this matter, and Plaintiff's Motion (Docket No. 68) is **GRANTED**. An amended schedule will be filed concurrently with this Order.

**SIGNED this 25th day of June, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE