IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| VICTORIA LEIGH, ET AL<br>*Plaintiff*<br><br>v.<br><br>SOUTHWESTERN CORRECTIONAL, LLC<br>d/b/a LASALLE CORRECTIONS, LLC<br>and LaSalle Southwest Corrections, et al<br>*Defendants* | §§§§§§§§§§§§ | No. 5:16 CV 129 |

**BOWIE COUNTY, TEXAS, CITY OF TEXARKANA, ARKANSAS,
REGINA LYNCH AND LASALLE DEFENDANTS' ANSWER
TO PLAINTIFF'S FOURTH AMENDED COMPLAINT SUBJECT TO MOTION TO DISMISS**

Defendants, Bowie County, Texas, City of Texarkana, Arkansas, Regina Lynch and Southwestern Correctional, L.L.C. d/b/a LaSalle Corrections, L.L.C., LaSalle Southwest Corrections, and LaSalle Management Company, L.L.C., file this answer to *Plaintiff's Fourth Amended Complaint*, specifically subject to their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and state as follows:

### A. Admissions & Denials

1. Defendants deny the allegations of paragraph 1 of the complaint.

2. Defendants deny the allegations of paragraph 2 of the complaint.

3. Defendants admit jurisdictional allegations related to federal question and civil rights jurisdiction. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 3 of the complaint.

4. Defendants deny the allegations of paragraph 4 of the complaint.

5. Defendants deny the allegations of paragraph 5 of the complaint.

6. Defendants are without sufficient information to admit or deny the allegations of paragraph 6 of the complaint.

7. Defendants are without sufficient information to admit or deny the allegations of paragraph 7 of the complaint.

8. Defendants are without sufficient information to admit or deny the allegations of paragraph 8 of the complaint.

9. Defendants are without sufficient information to admit or deny the allegations of paragraph 9 of the complaint.

10. Defendants are without sufficient information to admit or deny the allegations of paragraph 10 of the complaint.

11. Defendants admit that Defendant Southwest Correctional, L.L.C. d/b/a LaSalle Corrections, L.L.C. and LaSalle Southwest Corrections (hereinafter "LaSalle") is a Texas limited liability company doing business in this judicial district. Defendants specifically deny the allegation that LaSalle is "owned, controlled or managed by Defendant LaSalle Management Company, L.L.C.". Defendants deny the remaining allegations contained in paragraph 11 of the complaint.

12. Defendants admit that LaSalle Management Company, L.L.C. is a Louisiana limited liability company. Defendants specifically deny that LaSalle Management is the parent company of Defendant LaSalle and is responsible in any way for the Bi-State Jail. Defendants deny the remaining allegations in paragraph 12.

13. Defendants admit that Bowie County is a governmental entity and political subdivision of the State of Texas. Defendants deny all other allegations in paragraph 13.

14. Defendants admit that the City of Texarkana, Arkansas is a governmental entity and political subdivision of the State of Arkansas. Defendants deny all other allegations in paragraph 14.

15. Defendants admit the entry of the contract between Bowie County, Texas and Southwestern Correctional, L.L.C.. Defendants deny all other allegations of paragraph 15.

16. Defendants are without sufficient information to admit or deny the allegations of paragraph 16 of the complaint.

17. Defendants admit the allegations of paragraph 17 of the complaint.

18. Defendants are without sufficient information to admit or deny the allegations of paragraph 18 of the complaint.

19. Defendants are without sufficient information to admit or deny the allegations of paragraph 19 of the complaint.

20. Defendants are without sufficient information to admit or deny the allegations of paragraph 20 of the complaint.

21. Defendants deny the allegations of paragraph 21 of the complaint.

22. Defendants deny the allegations of paragraph 22 of the complaint.

23. Defendants deny the allegations of paragraph 23 of the complaint.

24. Defendants deny the allegations of paragraph 24 of the complaint as to LaSalle Management. Defendants admit the allegations of paragraph 24 of the complaint as to Southwestern Correctional, L.L.C. d/b/a LaSalle.

25. Defendants admit that Southwestern Correctional, L.L.C. maintained a contract with Dr. Jagdish Shah. Defendants deny the allegations of paragraph 25 of the complaint.

26. Defendants admit that Morgan Angerbauer was a Type I diabetic. Defendants deny all other allegations of paragraph 26.

27. Defendants admit the allegations of paragraph 27 of the complaint.

28. Defendants admit that Ms. Angerbauer was given 15 units of insulin at or near 11:15 a.m. on June 29, 2016 and that she was not given intravenous fluids. Defendants deny all other allegations of paragraph 28 of the complaint.

29. Defendants admit the allegations of paragraph 29 of the complaint.

30. Defendants admit the allegations of paragraph 30 of the complaint.

31. Defendants admit the allegations of paragraph 31, sentences one and two of the complaint regarding regular testing at approximately 3:20 a.m. on June 30, 2016. Defendants are without sufficient information to admit or deny the allegations of sentence three of paragraph 31 of the complaint.

32. Defendants are without sufficient information to admit or deny the allegations of paragraph 32 of the complaint.

33. Defendants admit the allegations of paragraph 33 of the complaint.

34. Defendants admit Morgan Angerbauer refused the test, but deny that the nurse could "require" the test from an inmate who refused testing.

35. Defendants deny the allegations of paragraph 35 of the complaint.

36. Defendants deny the allegations of paragraph 36 of the complaint.

37. Defendants deny the allegations of paragraph 37 of the complaint.

38. Defendants deny the allegations of paragraph 38 of the complaint and specifically deny that the testing device was an Accu-Chek device.

39. Defendants admit that, according to the state crime lab, the cause of death was diabetic ketoacidosis and that the blood sugar at the time of death was 813. Defendants deny all other allegations of paragraph 39 of the complaint.

40. Defendants admit that Ms. Angerbauer had many instances where her blood sugar was higher than 813 and deny the remaining allegations of paragraph 40 of the

complaint.

41. Defendants deny the allegations of paragraph 41 of the complaint.

42. Defendants deny the allegations of paragraph 42 of the complaint.

43. Defendants deny the allegations of paragraph 43 of the complaint.

44. Defendants admit the allegations of paragraph 44 of the complaint.

45. Defendants deny the allegations of paragraph 45 of the complaint.

46. Defendants deny the allegations of paragraph 46 of the complaint.

47. Defendants deny the allegations of paragraph 47 of the complaint.

48. Defendants deny the allegations of paragraph 48 of the complaint.

49. Defendants deny the allegations of paragraph 49 of the complaint.

50. Defendants deny that there was a pattern, practice or custom of failing to properly monitor inmates and detainees with serious medical and/or mental health issues. Defendants admit that it received a "notice of non-compliance" related to the death of Morgan Angerbauer, which was quickly rectified. Defendants deny the remaining allegations of paragraph 50 of the complaint.

51. Defendants deny the allegations of paragraph 51 of the complaint.

52. Defendants deny the allegations of paragraph 52 of the complaint.

53. Defendants deny the allegations of paragraph 53 of the complaint.

54. Defendants deny the allegations of paragraph 54 of the complaint.

55. Defendants deny the allegations of paragraph 55 of the complaint.

56. Defendants deny the allegations of paragraph 56 of the complaint.

57. Defendants deny the allegations of paragraph 57 of the complaint.

58. Defendants deny the allegations of paragraph 58 of the complaint.

59. Defendants deny the allegations of paragraph 59 of the complaint.

60. Defendants deny the allegations of paragraph 60 of the complaint.
61. Defendants deny the allegations of paragraph 61 of the complaint.
62. Defendants deny the allegations of paragraph 62 of the complaint.
63. Defendants deny the allegations of paragraph 63 of the complaint.
64. Defendants deny the allegations of paragraph 64 of the complaint.
65. Defendants deny the allegations of paragraph 65 of the complaint.
66. Defendants deny the allegations of paragraph 66 of the complaint.
67. Defendants deny the allegations of paragraph 67 of the complaint.
68. Defendants deny the allegations of paragraph 68 of the complaint.
69. Defendants deny the allegations of paragraph 69 of the complaint.
70. Defendants deny the allegations of paragraph 70 of the complaint.
71. Defendants deny the allegations of paragraph 71 of the complaint.
72. Defendants deny the allegations of paragraph 72 of the complaint.
73. Defendants deny the allegations of paragraph 73 of the complaint.
74. Defendants deny the allegations of paragraph 74 of the complaint.
75. Defendants deny the allegations of paragraph 75 of the complaint.
76. Defendants deny the allegations of paragraph 76 of the complaint.
77. Defendants deny the allegations of paragraph 77 of the complaint.
78. Defendants deny the allegations of paragraph 78 of the complaint.
79. Defendants deny the allegations of paragraph 79 of the complaint.
80. Defendants deny the allegations of paragraph 80 of the complaint.
81. Defendants deny the allegations of paragraph 81 of the complaint.
82. Defendants deny the allegations of paragraph 82 of the complaint.
83. Defendants deny the allegations of paragraph 83 of the complaint.

84. Defendants deny the allegations of paragraph 84 of the complaint.

85. Defendants deny the allegations of paragraph 85 of the complaint.

86. Defendants deny the allegations of paragraph 86 of the complaint.

87. Defendants deny the allegations of paragraph 87 of the complaint.

88. Defendants deny the allegations of paragraph 88 of the complaint.

89. Defendants deny the allegations of paragraph 89 of the complaint.

90. Defendants deny the allegations of paragraph 90 of the complaint.

91. Defendants deny the allegations of paragraph 91 of the complaint.

92. The Jury Demand does not contain any factual allegation to admit or deny.

93. The Prayer does not contain any factual allegation to admit or deny.

## B. Affirmative Defenses

94. *Qualified Immunity*. Defendants assert the affirmative defense of qualified ("good faith") immunity with regard to any claim against them in their individual capacity because it did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known when performing discretionary functions.

95. *Absolute Immunity*. Defendants assert the affirmative defense of absolute immunity which protects public officials in their individual capacity.

96. *Sovereign/Governmental Immunity*. Defendants assert the affirmative defense of sovereign and governmental immunity which protects the States, their agencies, political subdivisions and officials from suit and liability.

97. *Official Immunity*. Defendants assert the affirmative defense of official immunity which protects governmental employees from personal liability.

98. *No Vicarious/Respondeat Superior Liability*. Defendants cannot be held generally liable under a theory of repondeat superior or for the torts of employees, subordinates or co-workers.

99. *Municipal Immunity*.  Defendants assert the affirmative defense of municipal immunity because the plaintiff cannot establish a deprivation of rights protected by the Constitution or Federal law that was inflicted pursuant to an official, municipal, county, or governmental policy.  Defendants assert that the Plaintiff cannot establish that any official's deliberate conduct was the "moving force" behind the injuries alleged.  Therefore, the Plaintiff cannot establish a causal link between any actions and any deprivation of federal rights.

100. *Failure to Exhaust Remedies*. Defendants assert the affirmative defense of failure to exhaust administrative and judicial remedies. More specifically, Angerbauer failed to exhaust the two-step grievance procedure with regard to all issues raised in the complaint.

101. *Assumption of the Risk*. Defendants assert the affirmative defense of Angerbauer's assumption of the risk.

102. *Contributory or Comparative Negligence*.  Defendants assert the affirmative defenses of Angerbauer's contributory or comparative negligence, including but not limited to the following:

    a. Use of methamphetamine despite knowledge regarding the likelihood of deadly consequences.

    b. Noncompliance with food intake regimen despite knowledge of deadly consequences.

    c. Years of noncompliance with blood sugar stabilization, despite knowledge of deadly consequences.

    d.    Failing to inform jail staff that she was among the small percentage of insulin-dependent diabetics who was medically determined to be "brittle".

    e.    Failing to inform staff that she had been warned by medical care providers that she had a "high risk of mortality".

    f.    Failing to inform staff that she had been informed by medical care providers that she was "not likely to live much longer".

    g.    Failure to inform medical staff that she had been informed by her medical providers that her "prognosis is poor long term in view of her medical noncompliance and substance abuse issues".

    h.    Failing to allow the use of the sliding scale protocol within the Bi-State Jail calling for pre-meal blood sugar checks and insulin administration based upon pre-meal checks.

    i.    Repeated refusal of blood sugar testing so as to allow administration of insulin, if needed, including a refusal after earlier stating to Nurse Johnson during pill pass to the effect of "you can check me now".

103.    *Failure to Mitigate Damages.*  Defendants assert the affirmative defense of Angerbauer's failure to mitigate damages.

104    *Accord and Satisfaction.* Defendants assert the affirmative defense of Plaintiff's accord and satisfaction of these claims through a duly executed and funded Compromise Settlement and Indemnity Agreement and Release dated January 23, 2018.

105    *Release.*  Defendants assert the affirmative defense of Plaintiff's release of these claims through a duly executed and funded Compromise Settlement and Indemnity Agreement and Release dated January 23, 2018.

106. Upon subsequent investigation into the facts of this case, Defendants reserve the right to petition the Court for leave to amend their answer or affirmative defenses.

## C. Prayer

WHEREFORE PREMISES CONSIDERED, Defendants pray that upon final hearing this Court dismiss Plaintiff's claims against Defendants with prejudice; and all costs of court, attorneys' fees, and all other relief to which they may be justly entitled will be awarded to Defendants and for such other and further relief to which they may be entitled.

Respectfully submitted,

_____
Paul Miller

Texas State Bar No.: 14056050
Troy Hornsby
Texas State Bar No.: 00790919

MILLER, JAMES, MILLER & HORNSBY, L.L.P.
1725 Galleria Oaks Drive
Texarkana, Texas 75503
903.794.2711; f. 903.792.1276
paulmiller@cableone.net
troy.hornsby@gmail.com

*Attorneys for Defendants*
*Bowie County, Texas, City of Texarkana, Arkansas, LaSalle Management Company, LLC d/b/a LaSalle Corrections, LaSalle Corrections, LLC, LaSalle Southwest, and Regina Lynch*

10

**C**ERTIFICATE **O**F **S**ERVICE

The undersigned certifies that on the 16th day of August, 2018, this document was filed with the Clerk of the U.S. District Court for the Eastern District of Texas and served to counsel of record via CM/ECF.

**C**OUNSEL FOR **P**LAINTIFF
W. David Carter
MERCY ✯ CARTER, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503

**C**OUNSEL FOR **D**EF. **B**RITTANY **J**OHNSON
Randy Montgomery
D. RANDALL MONTGOMERY & ASSOC.
12400 Coit Road, Ste. 560
Dallas, TX 75251

_____
Paul Miller